# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2020

Lyle W. Cayce
Clerk

No. 19-50441
Summary Calendar

FREDERICK O. SILVER,

Plaintiff-Appellant

v.

TOYOTA MOTOR MANUFACTURING, TEXAS, INCORPORATED; WELLS
FARGO BANK, N.A.,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CV-422

Before HIGGINSON, COSTA and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Frederick O. Silver moves for leave to proceed in forma pauperis (IFP) in this appeal from the district court's denial of his motion for costs and expenses under 28 U.S.C. § 1447(c). Silver had filed suit in a Texas state court against Toyota Motor Manufacturing, Texas, Inc. (Toyota) and Wells Fargo Bank, arguing that they wrongfully garnished his wages and incorrectly calculated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the benefit amounts related to his retirement account and, thus, violated his due process rights. Toyota removed the case to federal court based on claim preemption under the Employee Retirement Income Security Act (ERISA). The district court granted Silver's motion to remand because ERISA did not necessarily preempt his claims.

Silver argues that Toyota acted maliciously and in bad faith by removing the case to federal court, claiming that Toyota relied on ERISA to secure removal but did so in order to force Silver to spend money on challenging the removal. He does not challenge the conclusion by the district court that, as a pro se plaintiff, he was not entitled to attorney's fees.

By moving to proceed IFP, Silver is challenging the district court's certification that this appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Silver's vague and conclusory assertions regarding his claims are insufficient to establish any legal points arguable on their merits. *See id.* In regard to Silver's failure to address the district court's conclusion regarding Silver's ineligibility to claim attorney's fees, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). As Silver's appeal sets forth no issue of arguable merit, it is frivolous. *See Howard*, 707 F.2d at 219-20. Accordingly, Silver's motion for leave to proceed IFP on appeal is denied, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

APPEAL DISMISSED; IFP MOTION DENIED.